UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| Kathryn Monet,<br><br>    Plaintiff,<br><br>v.<br><br>Officer Travis Draeger, *individually*; Corporal Andrew Aguinaga, *individually and in official capacity*; City of Grants Pass,<br><br>    Defendants. | Case No. 1:25-cv-02085-CL<br><br>**FINDINGS AND**<br>**RECOMMENDATION** |

**CLARKE,** United States Magistrate Judge.

    Self-represented Plaintiff Kathryn Monet filed this action against Grants Pass police officer Travis Draeger. On November 10, 2025, Plaintiff filed her Complaint (ECF No. 1) and Application for Leave to Proceed *In Forma Pauperis* (IFP) (ECF No. 2). On November 14, 2025, the Court found that Plaintiff's Complaint failed to state a claim and must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). The Court granted Plaintiff leave to file an amended complaint. On December 1, 2025, Plaintiff filed an Amended Complaint. Plaintiff's Amended Complaint clarifies the nature of her claims but still fails to allege facts that if taken as true show

Page 1 — FINDINGS AND RECOMMENDATION

that she is entitled to relief. The Amended Complaint should be dismissed with prejudice for failure to state a claim and Plaintiff's application for leave to proceed IFP should be denied.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

Here, the Court's dismissal arises in the second prong. The Court has determined the litigant is financially eligible to proceed IFP. However, the Complaint fails to state a claim upon which relief may be granted. The second determination is therefore not satisfied.

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Both require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To strike the correct balance, "a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Pleadings by self-represented litigants are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Courts are to construe pleadings by self-represented plaintiffs liberally and afford them the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Self-represented litigants are ordinarily entitled to notice of the deficiencies and an opportunity to amend the complaint. *Id.* Within its discretion, however, a district court may deny leave amend "due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (alteration in original) (quoting *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)).

## BACKGROUND

Plaintiff alleges that she provided Officer Draeger with approximately 100 pages of evidence documenting "a large-scale romance-scam network involving individuals in the United States, Malawi and Africa engaged in wire fraud, identity theft, and drug trafficking." Am. Compl. ¶ 6–7. Officer Draeger allegedly failed to log the evidence or complete any documentation of its receipt and dismissively commented that the documents "would make for good reading in his spare time." *Id.* ¶¶ 8, 14. Plaintiff followed up with a supervisor and visited the police department in person where she was told that nothing had been logged or documented regarding the documents she provided Officer Draeger. Plaintiff requested the return of the

documents by sending an email, leaving a voicemail, and filing an official complaint with the police department. Officer Draeger then "returned the evidence by slipping it under Plaintiff's door while she was not at home, along with a card that said 'sorry I missed you, and good luck.'" *Id.* ¶ 13. Plaintiff alleges that Officer Draeger failed to contact Plaintiff to explain why the evidence was not logged or documented which caused severe stress and fear and interfered with her ability to report criminal activity to law enforcement. *Id.* ¶ 14.

Plaintiff brings claims under 42 U.S.C. § 1983 for violation of her constitutional rights. Plaintiff alleges that Officer Draeger deprived her of property without due process of law, violating her rights under the Fourteenth Amendment. She also alleges that Officer Draeger failed to properly log or process the evidence, made dismissive remarks, and ignored her requests for the return of her property, violating her First Amendment right to petition the government for redress.

## DISCUSSION

Plaintiff's Amended Complaint should be dismissed for failure to state a claim.

### I. Fourteenth Amendment Claim

Plaintiff does not plausibly allege a violation of her Fourteenth Amendment right to due process. The Due Process Clause of the Fourteenth Amendment prohibits state government officials from "depriv[ing] any person of life, liberty, or property, without due process of law." "[T]he Due Process Clause, like its forebear in the Magna Carta, was intended to secure the individual from the arbitrary exercise of the powers of government." *Daniels v. Williams*, 474 U.S. 327, 331 (1986) (internal citations and quotation marks omitted).

Here, Plaintiff fails to allege that she was deprived of her property as the result of the arbitrary exercise of the powers of the government. Plaintiff asked Officer Draeger to take

possession of her documents. In response Plaintiff's complaint to the police department, Officer Draeger returned the documents to Plaintiff. "To hold that this kind of loss is a deprivation of property within the meaning of the Fourteenth Amendment seems not only to trivialize, but grossly to distort the meaning and intent of the Constitution." *Id.* at 330 (quoting *Parratt v. Taylor*, 451 U.S. 527, 545 (1981) (Stewart, J., concurring)). Plaintiff fails to plausibly allege that Officer Draeger deprived her of her property without due process.

## II.     First Amendment Claim

Plaintiff does not plausibly allege the deprivation of her First Amendment right to petition the government for redress. The First Amendment guarantees "the right of the people . . . to petition the Government for a redress of grievances." The government is prohibited from depriving people of the opportunity to "'communicate their will' through direct petition to the legislature and government officials." *McDonald v. Smith*, 472 U.S. 479, 482 (1985) (quoting 1 Annals of Cong. 738 (1789) (James Madison)). The government may not retaliate against someone for exercising their First Amendment rights. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

Here, Plaintiff was given the opportunity to report a crime to the police. When she was unsatisfied with their response, Plaintiff was able to file a complaint. Plaintiff does not allege that she was retaliated against for reporting a crime or for filing a complaint. Rather, after she filed the complaint, Officer Draeger responded by returning her documents. The First Amendment does not guarantee the right to have the police investigate crimes reported by the people. Officer Draeger's allegedly dismissive remarks do not plausibly rise to the level of retaliatory, and Officer Draeger has his own First Amendment right of expression. Plaintiff fails to plausibly allege the deprivation of her First Amendment right to petition the government.

The Court has already granted Plaintiff leave to amend her complaint and finds that providing addition opportunities would be futile and a waste of judicial resources.

## RECOMMENDATION

Plaintiff's Amended Complaint (ECF No. 8) should be dismissed with prejudice. Plaintiff's IFP application (ECF No. 2) should be denied.

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. *See* Fed. R. Civ. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 16 day of December, 2025.

MARK D. CLARKE
United States Magistrate Judge